STATE OF WEST VIRGINIA

FILED

December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WESLEY A. NUTTER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0972** (BOR Appeal No. 2048282)
                    (Claim No. 2011036256)

**HARVEY TRUCKING, INC., AND**
**MOUNTAIN ENERGY TRANSPORT, LLC**
**Employers Below, Respondents**

## MEMORANDUM DECISION

Petitioner Wesley A. Nutter, by Patrick Kevin Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Harvey Trucking, Inc., by Patricia McCullagh, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 28, 2013, in which the Board affirmed a March 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 6, 2011, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Nutter, a coal truck driver, alleges that he developed occupational pneumoconiosis in the course of his employment for Harvey Trucking, Inc., and Mountain Energy Transport, LLC. The physician's report of occupational pneumoconiosis indicates that Mr. Nutter was first diagnosed with occupational pneumoconiosis on August 3, 2010, three days before he began working for Harvey Trucking, Inc. The employee's report of occupational pneumoconiosis indicates a date of last exposure of October 12, 2010, at which time he was working for Harvey

1

Trucking, Inc. Mr. Nutter worked for Mountain Energy Transport from January of 2011 to January of 2012, well after the date of last exposure.

The claims administrator rejected the claim on June 6, 2011. It stated that Mr. Nutter was employed for Harvey Trucking for only forty-five days, which falls short of the required sixty days of occupational exposure under West Virginia Code § 23-4-15b (2009). Further, Mr. Nutter's occupational pneumoconiosis exposure occurred prior to, and not as a result of, his employment with Harvey Trucking, Inc. Additionally, he was not exposed to the hazards of occupational pneumoconiosis while employed by Harvey Trucking, Inc. He did not load or shovel coal, and his truck was self-contained with a sealed truck bed and electric tarp. Therefore, the claims administrator determined that Harvey Trucking, Inc., was not a chargeable employer.

The Office of Judges affirmed the claims administrator's decision in its March 15, 2013, Order. The Office of Judges stated that, under West Virginia Code § 23-4-15b, an application for occupational pneumoconiosis must be filed within three years after the later of the following events: (a) the day of the last continuous period of sixty days during which the employee was exposed to the hazards of occupational pneumoconiosis or (b) the date a diagnosed impairment was made known to the employee by a physician. If the claim is not timely filed, the claimant cannot receive benefits. Further, when a claimant has shown that he or she was exposed to the hazards of occupational pneumoconiosis for a period of ten years during the fifteen years immediately preceding the date of last exposure, West Virginia Code § 23-4-8c(b) (2009) provides that it is presumed impairment is due to his or her occupation.

In the instant case, the Office of Judges found that the claim for occupational pneumoconiosis was properly denied because there is no defendant employer with whom Mr. Nutter worked and was exposed to the hazards of occupational pneumoconiosis for sixty days during the three years immediately preceding the date of last exposure. Though Mountain Energy Transport, LLC, was joined in the litigation, Mr. Nutter worked for them after the date of last exposure, and any occupational pneumoconiosis exposure alleged during his employment there would be the subject of a new claim. The Office of Judges determined that Mr. Nutter worked for Harvey Trucking, Inc., for less than the required sixty days prior to the date of last exposure. Therefore, there is no chargeable defendant in this case and the claim could not be held compensable.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its August 28, 2013, decision. On appeal, Mr. Nutter asserts that he had at least sixty days of coal dust exposure while employed by Harvey Trucking, Inc. Harvey Trucking, Inc., argues that Mr. Nutter has failed to meet the requirements of West Virginia Code § 23-4-15b. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Nutter failed to meet the sixty day exposure to hazardous dust requirement set forth in West Virginia Code § 23-4-15b. His claim therefore cannot be held compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II